UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANK GREEN,                                           *Index No.:  07 CIV 6539*
                                                       *(Judge Marrero)*
                       Plaintiffs,

      v.                                                 **ANSWER**
                                                                                                 **JURY TRIAL DEMANDED**

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, ROBERT EADICICCO, TONY CARVAGNO,
NICHOLAS MIRCOVICH, LELA MARTIN, COTEA
JONES, LAURIE PRICE, TOMMY SMITH and
STEPHANIE LEWIS-DESIRE,

                       Defendants.
-------------------------------------------------------------------X

       Defendant, The Port Authority of New York and New Jersey, ("Port Authority"), by its undersigned counsel, as and for its answer to the complaint in the above-entitled action, alleges, upon information and belief as follows:

## I.   NATURE OF ACTION

      **1.**    Neither admits nor denies the allegations set forth in paragraph "1" of the complaint inasmuch as said paragraph states conclusions of law rather than allegations of fact.

## II.   JURISDICTION

      **2.**    Neither admits nor denies the allegations set forth in paragraph "2" of the complaint inasmuch as said paragraph states conclusions of law rather than allegations of fact.

## III   THE PARTIES

      **3.**    Admits that plaintiff is an employee of the Port Authority and is a Tunnel and Bridge Agent and, except as so admitted, denies knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations set forth in paragraph "3" of the complaint.

4. Denies each and every allegation set forth in paragraph "4" of the complaint except admits that the Port Authority is a body corporate and politic created by Compact between the states of New York and New Jersey with the consent of the Congress of the United States.

5. Admits that the Port Authority operated and maintained those portions of the Holland Tunnel not operated and maintained by others pursuant to lease license, contract or other written agreement and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "5" of the complaint.

6. Admits the allegations set forth in paragraph "6" of the complaint.

7. Admits that Tony Carvagno is an employee of the Port Authority and, except as so admitted, denies the remaining allegations set forth in paragraph "7" of the complaint.

8. Admits that Nicholas Mircovich is an employee of the Port Authority and, except as so admitted, denies the remaining allegations set forth in paragraph "8" of the complaint.

9. Admits that Lela Martin is an employee of the Port Authority and, except as so admitted, denies the remaining allegations set forth in paragraph "9" of the complaint.

10. Admits that Cortea Jones is an employee of the Port Authority and, except as so admitted, denies the remaining allegations set forth in paragraph "10" of the complaint.

11. Admits that Laurie Price is an employee of the Port Authority and, except as so admitted, denies the remaining allegations set forth in paragraph "11" of the complaint.

12. Admits that Tommy Smith is an employee of the Port Authority and, except as so admitted, denies the remaining allegations set forth in paragraph "12" of the complaint.

13. Admits the allegations set forth in paragraph "13" of the complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

**14.**   Admits that plaintiff had been employed by the Port Authority since 1983 and is a Tunnel and Bridge Agent and, except as so admitted, denies the remaining allegations set forth in paragraph "14" of the complaint.

**15.**   Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

**16.**   Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

**17.**   Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

**18.**   Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

**19.**   Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

**20.**   Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

**21.**   Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

**22.**   Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

**23.**   Admits that plaintiff communicated with Stephanie Lewis-Desire about events at the Holland Tunnel and, except as so admitted, denies the remaining allegations set forth in paragraph "24" of the complaint.

**24.**   Denies the allegations set forth in paragraph "25" of the complaint.

**25.** Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

**26.** Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

**27.** Admits that plaintiff submitted documents to various departments at the Port Authority concerning Lela Martin and except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations set forth in paragraph "28" of the complaint.

**28.** Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

**29.** Denies the allegations set forth in paragraph "30" of the complaint.

**30.** Denies the allegations set forth in paragraph "31" of the complaint.

**31.** Denies the allegations set forth in paragraph "32" of the complaint.

**32.** Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

**33.** Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

**34.** Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

**35.** Admits that the Port Authority received a charge of discrimination dated November 16, 2006 concerning plaintiff and subsequently received a dismissal and notice of rights letter dated April 20, 2007 and, except as so admitted, denies knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph "36" of the complaint.

36. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

37. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

38. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

39. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

40. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

41. With respect to paragraph "42" of the complaint, the Port Authority repeats, reiterates and realleges the responses set forth in paragraphs "1" through "40" of its answer as if more fully set forth at length herein.

42. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

43. With respect to paragraph "44" of the complaint, the Port Authority repeats, reiterates and realleges the responses set forth in paragraphs "1" through "42" of its answer as if more fully set forth at length herein.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

46. With respect to paragraph "47" of the complaint, the Port Authority repeats, reiterates and realleges the responses set forth in paragraphs "1" through "45" of its answer as if more fully set forth at length herein.

47. Denies the allegations set forth in paragraph "46" [sic] of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. Plaintiff's claims with respect to the terms and conditions of his employment are subject to a collective bargaining agreement, which provides that arbitration is an exclusive remedy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. The Port Authority cannot be held liable pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51. Defendant has complied with all applicable laws.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52. Defendant conducted a prompt and thorough investigation of plaintiff's complaints.

## JURY DEMANDED

53. The Port Authority demands a trial by jury.

-7-

**WHEREFORE**, the Port Authority demands judgment dismissing the complaint herein, together with attorney's fees, costs and disbursements incurred by the Port Authority and for such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          November 28, 2007

> Respectfully yours,
>
> MILTON H. PACHTER, ESQ.
> *Attorney for Defendant*
> The Port Authority of New York and New Jersey
>
>
> BY:             S/Megan Lee
>    Megan Lee (ML-9709)
>    225 Park Avenue South – 13th Floor
>    New York, New York 10003
>    Telephone No.:  (212) 435-3435

TO:   Jaha C. Smith, Esq. (JS-1212)
      Jaha C. Smith & Associates
      *Attorneys for Plaintiff*
      1702 Amsterdam Avenue
      New York, New York 10031
      Telephone No.:  (212) 862-5922